IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Energy Future Holdings Corp., et al. | : | Case No.: 14-10979 (CSS) |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | Docket Nos.: 14040, 14041, and 14064 |
| | : | |

**ORDER**

Upon consideration of (i) claim nos. 31018 and 62465 filed by Mr. Alvester Coleman alleging that he may have been exposed to asbestos at the TCEH Debtors' Martin Lake power plant located in Texas ("Mr. Coleman" and the "Coleman Claims" each an "Unmanifested Asbestos Claim"); and (ii) the *Reorganized TCEH's Fifty-Third Omnibus (Substantive) Objection to TCEH Asbestos Claims Requesting Allowance of TCEH Asbestos Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1*, filed by Texas Competitive Electric Holdings Company LLC ("Reorganized TCEH") on November 6, 2019 [D.I. 13879] (the "TCEH Objection") which objected to the Coleman Claims; and (iii) the Court having entered the *Order Sustaining Reorganized TCEH's Fifty-Third Omnibus (Substantive) Objection to TCEH Asbestos Claims Requesting Allowance of TCEH Asbestos Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Bankruptcy Rule 3007-1*, entered on December 19, 2019 [D.I. 13982] which allowed the Coleman Claims in the total and collective amount of $2,754.00 (the "TCEH Objection Order"); and (iv) and Mr. Coleman having filed the *Creditor's Motion to Amend Debtors in*

*Possession Control Over Funds, Objection to Epic {sic} Corporate Res. LLC Control Over Case, Requesting Allowance of Amended Asbestos Claim Form As Priority, Requesting Allowance of Amended Stock Claim Form As Priority And Requesting Protection Against Discriminatory Treatment Pursuant to 11 US.C. § 525*, filed on January 16, 2020 [D.I. 14003] which sought reconsideration of the TCEH Objection Order (the "Motion for Reconsideration"); and (v) the Court having reviewed the letter and proposed order filed by Mr. Coleman with the Court on February 19, 2020 [D.I. 14020] (the "Letter Submission"); and (vi) the *Reorganized TCEH's Objection to Creditor's Motion to Amend Debtors in Possession Control Over Funds, Objection to Epic [sic] Corporate Res. LLC Control Over Case, Requesting Allowance of Amended Asbestos Claim Form As Priority, Requesting Allowance of Amended Stock Claim Form As Priority And Requesting Protection Against Discriminatory Treatment Pursuant to 11 USC. § 525*, filed on February 20, 2020 [D.I. 14023]; and (vii) and after a hearing on February 27, 2020, where the Court heard argument and statements regarding the Motion for Reconsideration; and (viii) and the Court having entered the *Order Denying Creditor's Motion to Amend Debtors in Possession Control Over Funds, Objection to Epic {sic} Corporate Res. LLC Control Over Case, Requesting Allowance of Amended Asbestos Claim Form As Priority, Requesting Allowance of Amended Stock Claim Form As Priority And Requesting Protection Against Discriminatory Treatment Pursuant to 11 US.C. §* 525 on February 27, 2020 [D.I. 14028] which denied the Motion for Reconsideration; and (ix) the Court having reviewed the *Creditor's Application for Subsistences [sic] from Debtors* filed by Mr. Coleman on February 28, 2020 [D.I. 14030] (the "Subsistence Motion"); and (x) the Court having reviewed the Subsistence Motion and finding it substantially similar if not

identical to the Motion for Reconsideration and the Court having entered the *Order* on February 28, 2020 [D.I. 14031] denying the Subsistence Motion for the reasons set forth on the record at the hearing on February 27, 2020; and (xi) Mr. Coleman having filed the *Creditor's Objection to Unsecured Claim Payment* on April 14, 2020 [D.I. 14040] (the "Unsecured Claim Payment Motion"); and (xii) Mr. Coleman having filed *Creditor's Emergency Motion for Appointment by Court of U.S. Trustee or Examiner in Pursiut [sic] to 11 U.S. Code § 1104 with Authority to Take Action Against Debtor's Subsidiaries* also on April 14, 2020 [D.I. 14041] (the "Examiner Motion"); and (xiii) the Court having reviewed the *Reorganized TCEH's Response to (I) "Creditor's Objection to Unsecured Claim Payment" [D.I. 14040] and (II) "Creditor's Emergency Motion for Appointment by Court of U.S. Trustee or Examiner in Pursiut [sic] to 11 U.S. Code § 1104 with Authority to Take Action Against Debtor's Subsidiaries" [D.I. 14041]*, filed on May 20, 2020 [D.I. 14063]; and (xiv) the Court having reviewed the *Secure Creditor's Order to Lift Automatic Stay; Creditor's Order for All Relief to be Granted* filed by Mr. Coleman on May 26, 2020 [D.I. 14064]; and (xv) the Court having reviewed the Reorganized Debtors' *Notice of Filing of Supplemental Information* filed on May 27, 2020 [D.I. 14066]; and (xvi) the Court having heard arguments and statements related to both the Unsecured Claim Payment Motion and the Examiner Motion at the hearing on June 1, 2020 (collectively, the "Coleman Record"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iii) notice of the motions and the hearing were sufficient notice under the circumstances; and (iv) the Court has judicial power to enter a final order.

IT IS HEREBY FOUND, ORDERED and DECREED THAT, for the reasons set forth on the record at the Hearing, and well as the entire Coleman Record:

1. All claims of Mr. Coleman have been previously liquidated as set forth in the TCEH Objection Order, and Mr. Coleman has no other claim against Reorganized TCEH, or any other Debtor in these cases.

2. Mr. Coleman is a vexatious litigant and his continuing actions in these bankruptcy cases have resulted in a waste of estate and judicial resources.

3. All relief requested in the Unsecured Claim Payment Motion and the Examiner Motion are DENIED with prejudice.

4. Any further documents, whether in the form of a motion, notice or otherwise, submitted to the Court in these bankruptcy cases by Mr. Coleman will be docketed but will not be considered nor acted upon by the Court.

5. Neither the Reorganized TCEH nor any other party in interest are required to respond to any documents or notices filed or served by Mr. Coleman in these bankruptcy cases.

6. Notwithstanding the possible applicability of rules 6004(h), 7062, 9014, or otherwise of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Court retains jurisdiction over all matters arising from or related to this Order.

Christopher S. Sontchi
Chief United States Bankruptcy Judge

Date: June 1, 2020